IN THE MATTER OF THE STATE OF NORTH CAROLINA ON RELATIONSHIP OF THE EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA, RALEIGH, NORTH CAROLINA, v. W. H. WHITEHURST, TRADING AS COLONIAL CLEANERS.

(Filed 1 March, 1950.)

**Master and Servant § 57—**

> Where, prior to the purchase of the business by defendant, there had been employed therein more than eight individuals for twelve weeks during the calendar year, and defendant, after purchasing the business, employs more than eight employees for sixteen weeks during the remainder of the year, defendant is an employer required to pay contributions upon the wages of his employees under the provisions of the Employment Security Act. G.S. 96-8 (f), subsection 1.

APPEAL by defendant from *Morris, J.*, at Chambers in Elizabeth City, N. C., 31 December, 1949. From PASQUOTANK.

This is a proceeding brought pursuant to the provisions of our Employment Security Law, to require the defendant to pay contributions as required by the Act, upon wages paid his employees during the year 1948.

The pertinent facts found by the Employment Security Commission of North Carolina, are as follows:

1. That during the year 1947, one M. E. Perry began the operation of a dry cleaning business in Elizabeth City, N. C., trading as Colonial Cleaners; that M. E. Perry did not employ as many as eight individuals in as many as twenty different weeks during the year 1947, but did employ as many as eight individuals during twelve weeks prior to 16 August, in the calendar year 1948.

2. That on 16 August, 1948, W. H. Whitehurst, a former employee of M. E. Perry, acquired by lease agreement, all the assets of M. E. Perry, trading as Colonial Cleaners, and continued to operate the business as W. H. Whitehurst, trading as Colonial Cleaners; and the said W. H. Whitehurst employed as many as eight individuals in as many as sixteen weeks during the remainder of the calendar year 1948.

Upon the foregoing facts the Commission held the defendant was an employer within the meaning of the Employment Security Law, during the year 1948, and required to report and pay contributions upon wages paid his employees during 1948 and continuing thereafter until coverage is terminated, as provided by law, and entered an order accordingly.

The defendant appealed from the order of the Commission to the Superior Court. The order of the Commission was affirmed by his Honor, and from which ruling the defendant appeals and assigns error.

*W. D. Holoman, R. B. Overton, and R. B. Billings* for appellee, the Employment Security Commission of North Carolina.

*Harry B. Brown* for defendant, appellant.

DENNY, J.　The defendant contends that since he was not an employing unit at the time he bought the assets of M. E. Perry, trading as Colonial Cleaners, he could not be held an employing unit that acquired the assets of another so as to tack on his employment of more than eight individuals for sixteen weeks in 1948, to the employment of more than eight individuals for twelve weeks in 1948, by the previous owner of the business, and thereby make him liable for contributions upon wages paid his employees during 1948.

The answer to the defendant's contention is found in the pertinent provisions of the Employment Security Law.

G.S. 96-8 (e) defines an employing unit as follows:

" 'Employing unit' means any individual or type of organization, including any partnership, association, trust, estate, joint-stock company, insurance company, or corporation, whether domestic or foreign, or the receiver, trustee in bankruptcy, trustee or successor thereof, or the legal representative of a deceased person which has, on or subsequent to January first, one thousand nine hundred and thirty-six, had in its employ one or more individuals performing services for it within this State . . ."

An employer who is required to pay contributions upon wages of his employees, is defined in G.S. 96-8 (f), subsection (1), as follows:

" 'Employer' means (1) any employing unit which in each of twenty different weeks within either the current or preceding calendar year has, or had in employment, eight or more individuals." And any two employing units may be treated as a single unit when they come within the provisions of G.S. 96-8 (f), subsection (3), which provides:

" 'Employer' means (3) any employing unit which acquired the organization, trade, or business, or substantially all the assets thereof, of another employing unit and which, if treated as a single unit with such other employing unit, would be an employer under paragraph (1) of this subsection."

It will be noted that the right to treat two employing units as a single unit, is not referred to in the statute as an employing unit which *acquires* the organization, trade or business of another employing unit, but as an "employing unit which *acquired* the organization, trade, or business . . . of another employing unit and which, if treated as a single unit with such other unit, would be an employer"·under the definition contained in subsection (1) of G.S. 96-8 (f).

Clearly, W. H. Whitehurst, trading as Colonial Cleaners, became an employing unit as defined by the statute, G.S. 96-8 (e), on 16 August, 1948, the date he began to operate the business. And the Employment Security Commission of North Carolina had the right to know whether or not the employing unit of W. H. Whitehurst, trading as Colonial Cleaners, acquired the business from another employing unit. There is but one answer to such inquiry. He acquired all the assets of another employing unit, and when these two employing units are treated as a single unit, as provided in the statute, then such unit employed as many as eight individuals for twenty-eight weeks in 1948, and "would be an employer" as defined in G.S. 96-8 (f), subsection (1).

We do not concur in the defendant's contention that in order for the employing unit of M. E. Perry, trading as Colonial Cleaners, and the employing unit of W. H. Whitehurst, trading as Colonial Cleaners, to be "treated as a single unit" it was necessary for W. H. Whitehurst to have been an "employing unit" prior to the time he acquired the assets of M. E. Perry. On the contrary, we think the defendant was an "employer" in 1948, within the meaning of the Employment Security Law. It follows, therefore, that the judgment entered below will be upheld.

Affirmed.